[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1993, defendant Bradley moved for summary judgment on the first, second and third counts of the plaintiff's complaint. (The other counts were asserted against other defendants and were not the subject of Bradley's motion.) On October 5, 1993, this court granted Bradley's motion with respect to the plaintiff's tort claims (the first and third counts) on the ground that they were barred by the applicable statute of limitations (General Statutes § 52-584), and denied the motion with respect to the plaintiff's breach of contract claim on the ground that a genuine issue of material fact existed as to whether the claim was barred by the statute of limitations. In reaching its conclusion, the court applied the six year statute of limitations contained in § 52-576. CT Page 12327
On October 25, 1993, Bradley filed a motion to reargue the court's ruling with respect to the plaintiff's breach of contract claim. In support of the motion, Bradley argues that if an agreement existed between the parties, it was an express oral agreement that is time-barred by the three year statute of limitations contained in § 52-581. The motion was argued by the parties on August 7, 1995.
In the second count of the complaint, the plaintiff alleges that Bradley agreed to provide diagnostic services to the plaintiff's decedent and that Bradley breached the parties' agreement. The plaintiff does not allege that the agreement was express or implied, nor does she allege whether it was oral or written. When Bradley moved for summary judgment, he did not submit any evidence or testimony in support of his motion which would have allowed the court to determine whether the contract at issue was express or implied, or oral or written. The court also notes that the plaintiff, in opposing the motion, did not submit any evidence or testimony with respect to these issues.
In the absence of such evidence, it would have been improper for the court to rule as a matter of law that § 52-581 constituted the applicable statute of limitations. Moreover, Bradley's counsel's legal conclusion that the contract in question was an express oral contract was insufficient for purposes of determining the applicable statute of limitations, and could not have filled the evidentiary void that exists in this case. While the court applied the statute of limitations contained in § 52-576 in denying Bradley's motion, the court could have denied the motion based on Bradley's failure, as the movant, to meet his evidentiary burden of proof.
The court notes that Bradley, in making his motion to reargue, does not represent that he could submit evidence or testimony which would be dispositive with respect to the statute of limitations issue. Furthermore, to the extent that he could produce such evidence, he should consider filing a renewed motion for summary judgment, or raising the statute of limitations defense at the time of trial. Accordingly, the motion to reargue is denied.
McKEEVER, JUDGE CT Page 12328